JS-6

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
### CIVIL MINUTES - GENERAL

| Case No. | CV 11-1357 PA (Ex) | Date | September 20, 2011 |
|---|---|---|---|
| Title | Manuel Lara, et al. v. San Bernardino Steel Inc., et al. | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Paul Songco | Not Reported | N/A |
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:**   IN CHAMBERS - COURT ORDER

Before the Court is a Notice of Removal filed by defendant San Bernardino Steel on August 25, 2011. (Docket No. 1.)

**I.   Background**

This action arises out of Plaintiffs' allegations that Defendant San Bernardino Steel, Inc. committed a number of violations of the California Labor Code by failing to pay overtime, provide itemized wage statements, pay employees upon termination, provide meal and rest breaks, pay wages, and provide and maintain tools and equipment. Plaintiffs are bringing this putative class action on behalf of current and former hourly workers employed by Defendant in the State of California.

Plaintiffs commenced this action by filing a Class Action Complaint in San Bernardino County Superior Court. Defendant removed the action to this Court, and was assigned case number ED CV 11-0344 PA (Ex). Defendant's Notice of Removal asserted federal question jurisdiction based on Plaintiffs' production of certain collective bargaining agreements ("CBAs") in response to Defendant's document requests. Defendant alleged that Plaintiffs' claims were preempted by the Labor Management Relations Act ("LMRA") because the Court must interpret the collective bargaining agreements in evaluating their merits. On May 16, 2010, this Court granted Plaintiffs' Motion to Remand because Defendant did not meet its burden to demonstrate this Court's federal question jurisdiction.

This is the second time that Defendant has filed a Notice of Removal for the same complaint. Defendant, once again, asserts that this Court has subject matter jurisdiction on the basis of federal question jurisdiction under 28 U.S.C. § 1331. Defendant asserts that, during a July 26, 2011 deposition, plaintiff Juanito Lara identified the CBAs as the contracts that were allegedly breached, and that it was not until this deposition that Defendant could ascertain that the action had become removable.

**II.   Remanding Standard**

Federal courts are courts of limited jurisdiction, having subject matter jurisdiction only over matters authorized by the Constitution and Congress. See, e.g., Kokkonen v. Guardian Life Ins. Co.,

### UNITED STATES DISTRICT COURT
### CENTRAL DISTRICT OF CALIFORNIA
### CIVIL MINUTES - GENERAL

| Case No. | CV 11-1357 PA (Ex) | Date | September 20, 2011 |
|---|---|---|---|
| Title | Manuel Lara, et al. v. San Bernardino Steel Inc., et al. | | |

511 U.S. 375, 377, 114 S. Ct. 1673, 1675, 128 L. Ed. 2d 391 (1994). A suit filed in state court may be removed to federal court if the federal court would have had original jurisdiction over the suit. 28 U.S.C. § 1441(a). A removed action must be remanded to state court if the federal court lacks subject matter jurisdiction. 28 U.S.C. § 1447(c). "The burden of establishing federal jurisdiction is on the party seeking removal, and the removal statute is strictly construed against removal jurisdiction." Prize Frize, Inc. v. Matrix (U.S.) Inc., 167 F.3d 1261, 1265 (9th Cir. 1999). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992).

Under 28 U.S.C. § 1331, this Court has original jurisdiction over civil actions "arising under" federal law. Removal based on § 1331 is governed by the "well-pleaded complaint" rule. Caterpillar, Inc. v. Williams, 482 U.S. 386, 392, 107 S. Ct. 2425, 2429, 96 L. Ed. 2d 318 (1987). Under this rule, "federal jurisdiction exists only when a federal question is presented on the face of plaintiff's properly pleaded complaint." Id. If the complaint does not specify whether a claim is based on federal or state law, it is a claim "arising under" federal law only if it is "clear" that it raises a federal question. Duncan v. Stuetzle, 76 F.3d 1480, 1485 (9th Cir. 1996). The only exception to this rule is where plaintiff's federal claim has been disguised by "artful pleading," such as where the only claim is a federal one or is a state claim preempted by federal law. Sullivan v. First Affiliated Sec., Inc., 813 F. 2d 1368, 1372 (9th Cir. 1987).

A proper removal notice must be filed within 30 days after receipt of plaintiff's complaint. 28 U.S.C. § 1446(b); Parrino v. FHP, Inc., 146 F.3d 699, 703 (9th Cir. 1998). "If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable . . . ." 28 U.S.C. § 1446(b).

A second removal is permissible when made on new grounds arising from subsequent pleadings or events. See Peabody v. Maud Van Cortland Hill Schroll Trust, 892 F.2d 772, 776 (9th Cir. 1989); One Sylvan Rd. N. Assocs. v. Lark Int'l, Ltd., 889 F. Supp. 60, 62 (D. Conn. 1995) ("A defendant who fails in an attempt to remove on the initial pleadings can file a second removal petition when subsequent pleadings or events reveal a new and different ground for removal.") (emphasis added). However, a party cannot remove a case twice based on the same grounds. See Seedman v. U.S. Dist. Court for Cent. Dist. of Cal., 837 F.2d 413, 414 (9th Cir. 1988) ("a second removal petition based on the same grounds does not 'reinvest' the court's jurisdiction"). Indeed, a second attempt at removal is justified only when there has been a "substantial change in the nature of the instant case since it was last in this court." One Sylvan, 889 F. Supp. at 64.

### III. Analysis

Defendant has not asserted a satisfactory basis for this Court's jurisdiction. Defendant claims the Court has federal question jurisdiction over this case because the action arises under federal law,

JS-6

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
### CIVIL MINUTES - GENERAL

| Case No. | CV 11-1357 PA (Ex) | Date | September 20, 2011 |
|---|---|---|---|
| Title | Manuel Lara, et al. v. San Bernardino Steel Inc., et al. | | |

namely § 301 of the LMRA, 29 U.S.C. § 185. (Notice of Removal, ¶ 19.) Section 301 of LMRA states: "Suits for violation of contracts between an employer and a labor organization representing employees . . . may be brought in any district court of the United States having jurisdiction of the parties . . . ." 29 U.S.C. § 185(a). The Supreme Court has interpreted § 301 to require claims "alleging a violation of a provision of a labor contract [to] be brought under § 301 and be resolved by reference to federal law." Allis-Chalmers Corp. v. Lueck, 471 U.S. 202, 211, 105 S. Ct. 1904, 1911, 85 L. Ed. 2d 206 (1985). This preemption of state claims extends "beyond suits alleging contract violations" to those requiring interpretation of the provisions of labor agreements:

> [Q]uestions relating to what the parties to a labor agreement agreed, and what legal consequences were intended to flow from breaches of that agreement, must be resolved by references to uniform federal law, whether such questions arise in the context of a suit for breach of contract or in a suit alleging liability in tort. Any other result would elevate form over substance and allow parties to evade the requirements of § 301 by relabeling their contract claims as claims for tortious breach of contract.

Id. However, the scope of § 301 preemption is not absolute:

> [N]ot every dispute concerning employment, or tangentially involving a provision of a collective-bargaining agreement, is pre-empted by § 301 or other provisions of the federal labor law. . . . Clearly, § 301 does not grant the parties to a collective-bargaining agreement the ability to contract for what is illegal under state law. In extending the pre-emptive effect of § 301 beyond suits for breach of contract, it would be inconsistent with congressional intent under that section to preempt state rules that proscribe conduct, or establish rights and obligations, independent of a labor contract.

Id. at 211-12, 105 S. Ct. 1911-12, 85 L. Ed. 2d 206. "[T]o help preserve state authority in areas involving minimum labor standards, the Supreme Court has distinguished between claims that require interpretation or construction of a labor agreement and those that require a court simply to 'look at' the agreement." Balcorta v. Twentieth Century-Fox Film Corp., 208 F.3d 1102, 1108 (9th Cir. 2000). In particular, "when the meaning of contract terms is not subject to dispute, the bare fact that a collective-bargaining agreement will be consulted in the course of state-law litigation plainly does not require the claim to be extinguished." Livadas v. Bradshaw, 512 U.S. 107, 124, 114 S. Ct. 2068, 2078, 129 L. Ed. 2d 93 (1994).

  Accordingly, preemption under § 301 requires a two-step analysis. Burnside v. Kiewit Pac. Corp., 491 F.3d 1053, 1059 (9th Cir. 2007). First, the Court must determine "whether the asserted cause of action involves a right conferred upon an employee by virtue of state law, not by a CBA." Id. If the right is conferred by a collective bargaining agreement, preemption applies. Id. If the right is conferred

JS-6

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
### CIVIL MINUTES - GENERAL

| Case No. | CV 11-1357 PA (Ex) | Date | September 20, 2011 |
|---|---|---|---|
| Title | Manuel Lara, et al. v. San Bernardino Steel Inc., et al. | | |

by state law, the Court must determine whether the plaintiff's claim is nevertheless "substantially dependent on analysis of a collective bargaining agreement." Id. (internal quotation marks omitted). If the claim requires the court to "interpret," rather than merely "look to," the collective bargaining agreement, then the claim is substantially dependent thereon and is preempted by § 301. Id. at 1060.

Here, Plaintiffs allege seven claims in the Complaint. Six of the claims cite violations of the California Labor Code, and the seventh claim is for violation of the California Unfair Competition Law, as codified in Business and Professions Code section 17200, et seq. The rights involved in these claims – the rights to overtime, itemized wage statements, payment upon termination, meal and rest breaks, wages, and tools and equipment – are conferred by virtue of the Labor Code. See Cal. Lab. Code §§ 201-204, 221, 226, 510, 2802. Accordingly, these claims arise under state law.

Given that Plaintiffs' claims are based on rights conferred by state law and may therefore be resolved without interpretation of the collective bargaining agreements, they do not "substantially depend" on such interpretation. Defendant's arguments to the contrary are not persuasive.

In its second Notice of Removal, Defendant quotes the following paragraph from this Court's May 16, 2011 Order remanding the case:

> First, Defendant argues that Plaintiffs' fifth cause of action for failure to pay wages pursuant to Labor Code section 204 is substantially dependent upon interpretation of a collective bargaining agreement because the caption page of the Complaint refers to this claim as "Failure to Pay Wages/Breach of Contract." However, there is no mention of "breach of contract" in the Complaint itself. Rather, the fifth claim is titled "Failure to Pay Wages." (Complaint, ¶¶ 26-29.) As such, it does not appear that Plaintiffs are actually asserting any claim based on Defendant's breach of a contract between the parties.

Defendant claims that since one of the plaintiffs, while being deposed, identified the CBAs as those contracts that were allegedly breached, the Court now has federal question jurisdiction. Defendant alleges this Court's jurisdiction entirely upon this deposition testimony and information that the Court previously considered when granting Plaintiffs' Motion to Remand. Even assuming that the fifth cause of action is a breach of contract claim, and that the allegedly breached contracts are the CBAs, Defendant still fails to address the Court's second, and more important, concern, which the Court explained in the paragraph directly after the one quoted by Defendant:

> Second, Defendant contends that Plaintiffs' wage claims "all require interpretation of the provisions of the collective bargaining agreement that address the regular work day and when overtime is due." (Opposition at 8.) However, Defendant does not explain how these claims require interpretation, rather than mere reference, to the collective bargaining agreements. The

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
### CIVIL MINUTES - GENERAL

| Case No. | CV 11-1357 PA (Ex) | Date | September 20, 2011 |
|---|---|---|---|
| Title | Manuel Lara, et al. v. San Bernardino Steel Inc., et al. | | |

Complaint merely alleges that Defendant failed to properly compensate Plaintiffs for working in excess of eight hours a day or forty hours a week, or for working "off the clock." As such, there is no indication that the collective bargaining agreements must be interpreted to resolve this dispute. See Gregory v. SCIE, LLC, 317 F.3d 1050, 1053 (9th Cir. 2003) ("While overtime is calculated in accordance with the terms of the CBA, this case involves no issue concerning the method of calculation. The issue here is not how overtime rates are calculated but whether the result of the calculation complies with California law . . . ."); Cuc Dang v. Sutter's Place, Inc., 2010 U.S. Dist. LEXIS 124875 at *10 (N.D. Cal. November 24, 2010) ("Interpreting and not just looking at or referencing the CBA is required for preemption.").

Even if the Court construed the fifth claim as a breach of contract claim, the Court would still not need to interpret the CBAs; rather, the Court would merely have to refer to them. Thus, the claim is not preempted by the LMRA.

Here, there has been no change in the nature of the case which might provide a proper basis for a second removal. The current Notice of Removal merely addresses only one of the reasons the Court gave when it remanded the case the first time. Defendant's allegations are insufficient. They do not constitute a new and different ground for removal and are not based on a substantial change in the nature of the case since it was last in this Court. As such, Defendants have impermissibly attempted to remove this action twice on the same grounds. Such successive removals are improper and unjustified.

### Conclusion

Defendant has not met its burden to demonstrate this Court's federal question jurisdiction. Accordingly, this Court remands this action again to San Bernardino County Superior Court, Case No. CIVDS 1009598 for lack of federal subject matter jurisdiction. See 28 U.S.C. § 1447(c).

IT IS SO ORDERED.